Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
*Attorneys for Plaintiff*
*[Additional Counsel on Last Page]*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

UNLIMITED JURISDICTION

| | |
|---|---|
| **YVETTE TORRES, individually, and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>vs.<br><br>**CAMDEN PROPERTY TRUST, CAMDEN DEVELOPMENT, INC. d/b/a CAMDEN MARTINIQUE, and DOES 1-50,**<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(1) Violation of Cal. Civ. C. § 1672<br>(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq.*)<br>(3) Breach of Contract<br><br>**Jury Trial Demanded** |

Plaintiff Yvette Torres ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendants CAMDEN PROPERTY TRUST and CAMDEN DEVELOPMENT, INC. d/b/a CAMDEN MARTINIQUE (hereinafter "Defendants"), pursuant to Cal. Civ. C. § 382, to stop Defendants' illegal policy and practice of charging tenants a liquidated damage fee of $55 for the late payment of rent, even if Defendants receive the rent as little as one day late beyond the grace period and incurred no damages as a result.

2. Defendants' policy and practice is to charge tenants late fees of $55 if tenants carry any accrued balance of unpaid late fees or other charges past subsequent monthly grace periods, even when the tenants timely pay the monthly rent itself, and regardless of whether the outstanding balance is minimal. The late fee is a liquidated damages penalty, allegedly for the breach of tenants' rental contracts, and is void under California Civil Code § 1671(d) because it is excessive and bears no relation to any actual damages incurred by Defendants when or other fees are paid late (hereinafter referred to as "Late Fees"). Because Defendants' policy and practice of charging Late Fees violates Civil Code § 1671(d), it is an unlawful business act or practice which causes Plaintiff and other tenants financial injury, and is prohibited by California's Unfair Competition Law, Cal. Bus. & Prof. C. § 17200, et. seq. ("UCL"). Plaintiff brings this action to challenge Defendants' Late Fee policy and practice on behalf of herself and all other similarly situated residents of Defendants' residential rental properties in California.

3. California law establishes a presumption that "the detriment caused by the breach of an obligation to pay money only, is deemed to be the amount due by the terms of the obligation, with interest thereon." Cal. Civ. Code § 3302. Defendants' Late Fees represent exorbitant interest rates for tenants' failure to pay the amount of rent or other charges due. Defendants' Late Fees exceed any reasonable measure of Defendants' actual damages sustained as a result of their tenants' late rent payments or late payments of outstanding

balance amounts.

4. For example, when Defendants charged a tenant a $55 late fee when tenant paid a rent of $1,669 three days late, this amounts to an interest rate of 400% per annum. By contrast, a ten percent annual interest rate would dictate a daily late fee of approximately $1.37. The unreasonableness of the late fee penalty is further demonstrated by the fact that Defendants charge these fees whether the rent is one day late or two weeks late and whether the outstanding balance is $150 or $1,250.

5. Plaintiff and Class Members currently reside or, during the four years prior to filing this action, have resided in Defendants' rental properties. They have been charged Late Fees to Defendants in accordance with Defendants' unlawful and unfair late fee policy. As a result, Plaintiff and Class Members have suffered injury in fact.

6. Plaintiff seeks to represent herself and similarly situated persons who have rented a residential unit in California from Defendants and have been assessed a late fee by Defendants at any time from four years prior to the original filing of this action through the date of class certification. Pursuant to California Civil Code § 1671(d) and California Business & Professions Code § 17203, Plaintiff seeks restitution of Late Fees that Defendants have collected. Plaintiff also seeks a declaratory judgment, pursuant to California Code of Civil Procedure § 1060 and California Business & Professions Code § 17203, that Defendants' late fee policy and practice is prohibited within the state of California. Plaintiff also seeks injunctive relief enjoining Defendants' ongoing unlawful and unfair business practices, as alleged herein, pursuant to California Business & Professions Code § 17203. Defendants' violations of California Civil Code § 1671(d) and Business and Professions Code § 17200, et. seq., are continuing.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the alleged violations of the California Business and Professions Code §§ 17200, et seq. and Cal. Civ. C. § 1671.

8. This case is subject to the jurisdiction of this Court pursuant to California

*Business and Professions Code*, the California *Civil Code*, and the California *Code of Civil Procedure*. Defendants do business throughout the State of California. The unlawful acts alleged herein have a direct effect on Plaintiff and other consumers similarly situated within the State of California. Plaintiff and the Class Members have suffered damages and will continue to suffer the same harm as the Representative Plaintiff as a result of Defendants' wrongful conduct unless the relief requested herein is granted.

9. This matter is properly venued in the County of Orange in that Plaintiff resided in an Apartment owned by Defendants in Costa Mesa, California.  Additionally, Plaintiff resides in Costa Mesa, CA, within the County of Orange, CA, and Defendant does business, <u>inter</u> <u>alia</u>, in the County of Orange, CA.

## THE PARTIES

10. Plaintiff Yvette Torres is a citizen and resident of the State of California, County of Orange.

11. Defendant CAMDEN PROPERTY TRUST is a Texas REIT with its headquarters in Houston, Texas that is licensed to do business in the State of California and that does business in California, including in the County of Orange.

12. Defendant , CAMDEN DEVELOPMENT, INC. d/b/a CAMDEN MARTINIQUE is a Delaware Corporation with its headquarters in Houston, Texas that is licensed to do business in the State of California and that does business in California, including in the County of Orange.

13. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendants and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendants' employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

14. Plaintiff is informed and believes, and thereon alleges, that said Defendants are

in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

15. At all relevant times, Defendants ratified each and every act or omission complained of herein. At all relevant times, Defendants aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

16. Defendants own, control, lease, and manage residential properties throughout California, and have done so since at least four years prior to the filing of the original complaint.

17. Plaintiff was a resident and tenant of one of Defendants' properties, Camden Martinique, located at 2855 Pinecreek Drive, Costa Mesa, CA 92626.

18. Plaintiff entered into Defendants' standardized lease, which specifies that Defendants will assess a $55 late fee if her rent payment or any other outstanding fees or other balances are received after Defendants' deadline of four days. Defendants have assessed her a late fee of $55 on December 5, 2018, which was immediately paid.

19. Defendants' policy and practice, throughout California, is to assess residential tenants a fee of $55 for the late payment of rent regardless of the amount of rent owed or the length of time which elapses from the time rent is due and the time that the tenant pays that rent. A tenant's failure to timely pay rent constitutes "a breach of an obligation to pay money only" pursuant to Civil Code § 3302, as held by the California Supreme Court in *Knight v. Marks*, 183 Cal. 354, 357 (1920) and other published decisions.

20. Plaintiff's lease with Defendants provided her rent was due on the first of the month with a grace period of four days. By charging Plaintiff $55 after her failure to pay rent for four days, Defendants assessed an interest rate of 400 percent per annum based on the rent of $1,669.00 being late by one day.

21. California Civil Code § 1671(d), governing parties to a residential property

lease, states that "a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage." Defendants' collection of a fee of $55 for delays of as little as one day in their receipt of tenants' rent payments far exceeds Defendants' damages caused by the delay. Defendants' actual damages sustained by their late receipt of rent due are neither impracticable nor extremely difficult to fix. As the California Supreme Court has held, "[w]hen a tenant fails to pay rent as provided in the lease, the amount of damage is not extremely difficult to fix, and it certainly is not impracticable to fix the amount of such damage." *Jack v. Sinsheimer*, 125 Cal. 563, 566 (1899). The California Supreme Court reiterated this presumption again in *McCarthy v. Tally*, 46 Cal. 2d 577, 583 (1956), where the Court cited other California cases and explained that "[o]rdinarily, provisions for liquidated damages will not lie for failure to pay rent as provided in the lease." More recently, in *Garrett v. Coast & Southern Federal Savings & Loan Association*, 9 Cal. 3d 731, 741 n.11 (1973), the California Supreme Court again stated that "[d]amages resulting because of the wrongful withholding of money are fixed by law [in Civil Code § 3302] and other damages . . . such as administrative and accounting costs, would not appear to present extreme difficulty in prospective fixing."

22. Defendants' late fee is an arbitrary amount which functions as a penalty. Any marginal interest accumulated or other damages that Defendants sustain due to the delay in rent payments are definite and easily ascertainable, as the California Supreme Court has long held.

23. On information and belief, Defendants have never made a reasonable endeavor to estimate a fair average compensation for the losses sustained when a tenant pays rent late, as required for a liquidated damages provision under California Civil Code § 1671(d) to be enforceable.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Cal. Civ. C. § 382.

25. The class Plaintiff seeks to represent the Class ("Class") defined as follows:

> All California Citizens who are or were tenants of Defendants' properties in the State of California at any time from four years prior to the date of the filing of the original complaint through the date of class certification who have been or are subject to Defendants' late fee policy and were charged late fees by Defendants.

26. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

27. Excluded from the Class are Defendants, their affiliates, employees, agents, and attorneys, and the Court.

28. The Class Period is defined as four years prior to the date of filing for this Complaint and the present.

29. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

30. Upon information and belief, the proposed class is composed of hundreds if not thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

31. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendants.

32. Rather, all claims in this matter arise from the same illegal late fees charged uniformly.

33. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendants violate California law by charging a penalty for late fees when actual damages would not be "impracticable or extremely

difficult," under Cal. Civ. C. §1671(d);

  (b) Whether Defendants charging of $55 for late rent in their contract of adhesion does not represent a reasonable endeavor to estimate fair compensation for the loss sustained when rent is paid late, no matter how late;

  (c) Whether Defendants engaged in unlawful business practices in charging $55 rent late fees to Plaintiff and other Class Members;

  (d) Whether Defendants violated California Bus. & Prof. Code § 17200, *et seq.*, and California Civ. Code § 1671, *et seq.*;

  (e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

  (f) Whether Defendants' unlawful practices harmed Plaintiff and Class Members; and

  (g) The method of calculation and extent of damages for Plaintiff and Class Members.

34. Plaintiff is a member of the Class she seeks to represent

35. The claims of Plaintiff are not only typical of all Class members, they are identical.

36. All claims of Plaintiff and the Class are based on the exact same legal theories.

37. Plaintiff has no interest antagonistic to, or in conflict with, the Class.

38. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member, because Plaintiff had a Lease with Defendants and was charged a Late Fee of $55 during the Class Period.  Defendants' unlawful actions concern the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff's claims are typical of all Class Members as demonstrated herein.

39. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

Page 7
CLASS ACTION COMPLAINT

40. Common questions will predominate, and there will be no unusual manageability issues.

# FIRST CAUSE OF ACTION

## UNLAWFUL LIQUIDATED DAMAGES

### (Cal. Civ. C. § 1671)

### Individually and on behalf of the Class

41. Plaintiff incorporates by reference each allegation set forth above.

42. During the Class Period, Plaintiff and the Class Members rented real property from Defendants for use as dwellings, pursuant to California Civil Code § 1671(c)(2).

43. California Civil Code § 1671(d) states that "a provision in a contract liquidating damages for the breach of the contract is void except that the parties to such a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

44. Defendants did not sustain any actual damages from Plaintiff's and Class Members' late payment of rent which is either impracticable or extremely difficult to fix. Defendants' late rent fee is not the result of a reasonable effort to estimate fair compensation for Defendants' actual damages due to the late receipt of rent or other outstanding balance by Plaintiff or Class Members.

45. The Late Fees charged by Defendants are unlawful pursuant to California Civil Code § 1671(d). Plaintiff and Class Members are entitled to restitution of all fees Defendants have collected from tenants for the late payment of rent, as well as interest and other relief as specifically prayed for herein.

## SECOND CAUSE OF ACTION

## VIOLATION OF UNFAIR BUSINESS PRACTICES ACT

### (Cal. Bus. & Prof. Code §§ 17200 *et seq*.)

### Individually and On Behalf of the Class

46. Plaintiff incorporates by reference each allegation set forth above.

47. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNLAWFUL

48. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

49. As explained above, Defendants charged Plaintiff and other Class Members late fees that violated California Civil Code § 1671 by amounting to a penalty fee that did not actually relate to the actual damages suffered by Defendants, when in fact they were not impracticable or extremely difficult to fix.

50. In doing so, Defendants violated the California Civil Code § 1671, which makes its practices unlawful.

51. Defendants have thus engaged in unlawful business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendants to immediately cease such acts of unlawful business practices and requiring Defendants to correct its actions.

## MISCELLANEOUS

52. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

53. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

54. Plaintiff, on behalf of herself and the Class, requests the following relief:

    (a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

    (b) An order certifying the undersigned counsel as Class Counsel;

    (c) An order requiring Defendants, at their own cost, to notify all Class Members of the unlawful conduct herein;

    (d) An order requiring Defendants to ceases their illegal conduct described above;

    (e) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the late fees during the relevant class period;

    (f) Any and all statutory enhanced damages;

    (g) All reasonable and necessary attorneys' fees and costs provided by statute, Cal. Civ. C. Proc. § 1021.5, law, or the Court's inherent power;

    (h) Pre- and post-judgment interest; and

    (i) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated: December 20, 2019      Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC

By: _____
TODD M. FRIEDMAN, ESQ.

Attorney for Plaintiff YVETTE TORRES

Steven Soliman, Esq. (SBN 285049
The Soliman Firm
245 Fischer Avenue D-1
Costa Mesa, CA 92626
Phone: (714) 491-4111
Facsimile: (714) 491-4111