**EXHIBIT A**

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SONIA BARRIENTOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TATE & KIRLIN ASSOCIATES, INC., and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 2:19-cv-10780<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>1. FAIR DEBT COLLECTION Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*..]<br>2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE §1788 ET SEQ.]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SONIA BARRIENTOS ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following against Defendant TATE & KIRLIN ASSOCIATES, INC. upon information and belief based upon personal

**CLASS ACTION COMPLAINT**
-1-

knowledge:

## INTRODUCTION

1. Plaintiff's Class Action Complaint is brought pursuant to the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Plaintiff, individually, and on behalf of all others similarly situated, brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in seeking to collect on time-barred debts from consumers and induce them to making payments on the debt in order to restart the statute of limitations, thereby violating the FDCPA and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. C. § 1788 et. seq. ("RFDCPA").  Defendant additionally overshadowed the verification right of Plaintiff and the Class and failed to include required notices.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3. The FDCPA and RFDCPA prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff's claim arises out of a federal law, in particular the Fair Debt Collection Practices.  The Court additionally has supplemental jurisdiction over the RFDCPA claim pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. 1391(b) and 18 U.S.C. § 1441(a) because Defendant does business within the State of California and Plaintiff resides within this District.

## PARTIES

6. Plaintiff, SONIA BARRIENTOS ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

7. At all relevant times herein, Defendant, TATE & KIRLIN ASSOCIATES, INC. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5) and Cal. Civ. C. § 1788.2(d). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) and Cal. Civ. C. § 1788.2(c).

8. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. On or around April 12, 2019, Defendant sent Plaintiff a debt collection letter in an effort to collect an alleged debt owed from Plaintiff. Attached as Exhibit A is a redacted true and correct copy of this letter ("the Letter") with sensitive information redacted.

10. In the letter, Defendant attempted to induce Plaintiff to make payments on a debt alleged owed to LVNV FUNDING LLC, originally from WEBBANK, and in the amount of $161.03.

11. In the letter, Defendant failed to include the disclosure required by 15 U.S.C. § 1692g(a) of a statement that notifies the consumer he or she has thirty (30) days to dispute the debt in writing and request validation.

12. Additionally, in the letter, Defendant offers to settle the debt for $64.41, but only provides until May 3, 2019 to accept said offer. This overshadows the validation requirements of U.S.C. § 1692g because a debtor would be required

to respond prior to the thirty (30) days permitted to submit a validation or verification request.

13. Further, on information and belief, the WEBBANK account Defendant seeks to collect from Plaintiff is time-barred because it is over four years old. Defendant's letter failed to disclose the age of the debt, that there is a four year statute of limitations on the debt, and that the debt was out of statute. More importantly, Defendant's statement failed to state that making a payment on the time-barred debt would revive the statute of limitations and permit Defendant to sue Plaintiff on the debt.

14. Defendant's conduct in attempting to improperly collect on a time-barred debt violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

    a) Using unfair or unconscionable means in an attempt to collect a debt (15 U.S.C. § 1692(f));
    b) Attempting to collect on a debt in an amount that is not authorized or permitted by law (15 U.S.C. § 1692(f));
    c) Using misleading and deceptive practices in an attempt to collect a debt (15 U.S.C. § 1692(e)).

15. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

16. Additionally, Cal. Civ. C. § 1788.52(d) requires that Defendant include specific language regarding the nature of the debt and the age of the debt. Defendant's letter fails to include this information.

17. Plaintiff alleges that it was Defendant's common practice and policy to send out form debt collection letters to consumers nationwide in its

attempts to collect on time-barred debts and improperly convince and trick those consumers to make payments in order to revive the statute of limitations on the debts.

18. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received debt collection letters from Defendant similar to Exhibit A within one year prior to the filing of this Complaint.

20. Plaintiff additionally brings this action individually and on behalf of all others similarly situated, as a member of the proposed sub-class (hereafter "The Sub-Class," and collectively with the Class, "The Classes") defined as follows:

> All persons within California who received debt collection letters from Defendant similar to Exhibit A within one year prior to the filing of this Complaint.

19. Plaintiff represents, and is a member of The Class, consisting of all persons within the United States who received debt collection letters from Defendant similar to Exhibit A within one year prior to the filing of this Complaint.

21. Plaintiff represents, and is a member of The Sub-Class, consisting of all persons within California who received debt collection letters from

Defendant similar to Exhibit A within one year prior to the filing of this Complaint.

22. Defendant, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

23. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiff alleges that The Classes members may be ascertained by the records maintained by Defendant.

24. Plaintiff and members of The Classes were harmed by the acts of Defendant in at least the following ways: Defendant illegally attempted to collect on a debt from Plaintiff and the Classes Members in violation of the FDCPA and RFDCPA by attempting to induce the Classes to make payments on time-barred debts in order to revive the statute of limitations and sending inadequate letters.

25. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within one year prior to the filing of this Complaint, Defendant sent any collection letters to a Class member that attempted to collect on a debt not authorized by law or contract and that was time-barred or contained inadequate language;

    b. Whether Plaintiff and the Class members were damaged

thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

26. Common questions of fact and law exist as to all members of The Sub-Class which predominate over any questions affecting only individual members of The Sub-Class. These common legal and factual questions, which do not vary between Sub-Class members, and which may be determined without reference to the individual circumstances of any Sub-Class members, include, but are not limited to, the following:

a. Whether, within the one year prior to the filing of this Complaint, Defendant sent any collection letters to a Sub-Class member that attempted to collect on a debt not authorized by law or contract and that was time-barred or contained inadequate language;

b. Whether Plaintiff and the Sub-Class members were damages thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. As a person that received a debt collection letter from that attempted to induce Plaintiff into making payment on a time-barred debt by failing to properly disclose the consequences of payment, and thus attempted to use unconscionable means to attempt to collect on a debt not authorized in law or contract, Plaintiff is asserting claims that are typical of The Classes.

28. Plaintiff will fairly and adequately protect the interests of the members of The Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

29. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could

1  afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

30. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Classes members to protect their interests.

31. Defendant has acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of The Classes as a whole.

## FIRST CAUSE OF ACTION
### Violations of the Federal Fair Debt Collection Practices Act
### 15 U.S.C. § 1692 et seq.
### (Plaintiff and the Class)

32. Plaintiff repeats and reincorporates by reference into this cause of action allegations set forth above at paragraphs 1-30.

33. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

34. Pursuant to 15 U.S.C. § 1692k, Plaintiff seeks up to $1,000 for himself and each Member of the Class for each violation of the federal Fair Debt Collection Practices Act.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

    a.    That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

    b.    For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. §1692k(a)(1)

    c.    For actual damages according to proof;

    d.    For reasonable attorneys' fees and costs of suit;

    e.    For prejudgment interest at the legal rate; and

    f.    For such further relief as this Court deems necessary, just, and proper.

## SECOND CAUSE OF ACTION

### Violations of the Rosenthal Fair Debt Collection Practices Act
### Cal. Civ. Code § 1788 et seq.
### (Plaintiff and the Sub-Class)

35.    Plaintiff repeats and reincorporates by reference into this cause of action allegations set forth above at paragraphs 1-30.

36.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

37.    Pursuant to Cal. Civ. Code §1788.30, Plaintiff seeks $1,000 in statutory damages for himself and each Member of the Sub-Class for each violation of the RFDCPA.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

    a.    That this action be certified as a class action on behalf of The Sub-Class and Plaintiff be appointed as the representative of The Sub-Class;

-9-

    b. For statutory damages of $1,000.00 for Plaintiff and each member of The Sub-Class pursuant to *Cal. Civ. Code* §1788.30;

    c. For actual damages according to proof;

    d. For reasonable attorneys' fees and costs of suit;

    e. For prejudgment interest at the legal rate; and

    **f.** For such further relief as this Court deems necessary, just, and proper.

## **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 20th Day of December, 2019.

        LAW OFFICES OF TODD M. FRIEDMAN, P.C.

        By:   /s/ Todd M. Friedman
                 Todd M. Friedman
                 Law Offices of Todd M. Friedman
                 Attorney for Plaintiff

CLASS ACTION COMPLAINT
-10-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A
Redacted Collection Letter From Defendant To Plaintiff

# TATE & KIRLIN ASSOCIATES, INC.

580 Middletown Blvd., Suite 240
Langhorne, PA 19047-1827
Toll Free (877) 982-0001 ▪ (215) 253-4351

| ORIGINAL CREDITOR | CURRENT CREDITOR | ORIGINAL ACCOUNT # | REFERENCE # | TOTAL DUE |
|---|---|---|---|---|
| WEBBANK | LVNV FUNDING LLC | ************ | | $161.03 |

## Our Client has authorized us to accept 40% of your balance
or $64.41 to satisfy this account. (Saving you $96.62)

April 12, 2019

Dear SONIA BARRIENTOD,

This offer has been authorized by our client LVNV FUNDING LLC.

Please respond by 05/03/19 to take advantage of this offer. We are not obligated to renew this offer.

Please contact our office at our toll free number should you have any questions or wish to determine if this discount offer can be made in installments.

Retain the upper portion of this letter for your records.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

**QUESTIONS**
If you have questions about your account, payment plans or concerns, please call us at: (866)520-3790.

Our office hours are:
Monday - Friday 8 a.m. - 7 p.m. and Saturday 11 a.m - 3 p.m.
Eastern Time

### 3 CONVENIENT WAYS TO PAY

**Pay Online**
www.paytka.com using
Account # _____.

**Pay by Phone**
Call (866)520-3790.

**We accept**
check, money order, VISA, Mastercard
(Debit or Credit)

---

Please detach and return bottom portion with your payment in the envelope supplied; be sure the address below shows through the return window.

---

580 Middletown Blvd., Suite 240
Langhorne, PA 19047-1827

| Reference #: 34800214 | |
|---|---|
| Balance: $161.03 | Discount Offer: $64.41 |

PLEASE CHECK THE CREDIT CARD YOU WISH TO USE
☐ VISA    ☐ MasterCard

| Card Number | | Exp. Date |
|---|---|---|
| Card Holdername | | CVV |
| Signature | | Amount Paid |

Pay Online ➤ www.paytka.com


SONIA BARRIENTOD
_____
POMONA CA 91766-2761

TATE & KIRLIN ASSOCIATES, INC.
580 MIDDLETOWN BLVD SUITE 240
LANGHORNE PA 19047-1827

1 of 1

141765-D1S-8799